Opinion by JUDGE FURMAN
¶ 1 In this case, we conclude that a person who has had property unlawfully seized by law enforcement officers, and who has not been charged with a crime, has standing to bring a claim for return of the property under Crim. P. 41(e).
¶ 2 Because the district court found otherwise with respect to plaintiff, Gregory Boudette, we reverse and remand for further proceedings.
I. The Seizure of Boudette's Property
¶ 3 This case arose from the seizure of Boudette's personal property during the execution of a search warrant at a farm in Montezuma County. Boudette served as caretaker of the farm during the owner's absence. He lived in a room in the main house. The owner lived in Phoenix, Arizona.
¶ 4 An officer of the Southwest Drug Task Force obtained a search warrant from the Montezuma District Court. The officer signed an affidavit that accompanied the warrant which stated that law enforcement believed the owner and his son used the farm as an illegal marijuana growing operation.
¶ 5 The warrant described the items to be seized as follows:
Marijuana, Marijuana plants, processed marijuana, gas extraction devices, weapons, cellular phones, computers, tablets & electronic notebooks, large sums of United States currency, records of money transfers and deposits, receipts for items purchased, evidence of occupancy/ownership, receipts, paraphernalia for the use of marijuana, paraphernalia for the distribution of marijuana, handwritten notes, numbers and addresses, photos and videotapes, closed and locked containers, pay/owe sheets, ledgers, publications referencing marijuana and the use or cultivation of marijuana....
¶ 6 Citing Crim. P. 41(b), the warrant sought the seizure of property that (1) was stolen or embezzled; (2) was designed or intended for use, or which are or have been used, as a means of committing a criminal *1230 offense or the possession of which is illegal; or (3) would be material evidence in a subsequent criminal prosecution.
¶ 7 While the owner was away, law enforcement officers executed the warrant. In the process, law enforcement officers allegedly seized property owned by Boudette, including a cellphone; a computer; notebooks; antique muskets; titles to his truck, motorcycles, and trailer; British pounds; Euros; and Boudette's passport.
¶ 8 No charges were ever filed against Boudette.
II. Boudette's Claim
¶ 9 Boudette subsequently filed a motion in the district court for the return of his property. In his motion, Boudette cited Crim. P. 41(e) and stated that (1) the warrant was insufficient on its face; (2) the property seized was not described in the warrant; and (3) there was not probable cause to believe the existence of the grounds on which the warrant was issued.
¶ 10 Boudette served his motion on the District Attorney for the 22nd Judicial District.
¶ 11 The district court, sua sponte, issued an order which dismissed Boudette's case for lack of standing. The district court's order quoted Crim. P. 1, which states that the Colorado Rules of Criminal Procedure "govern the procedure in all criminal proceedings in all courts of record...." It then quoted Crim. P. 2, which states that the Colorado Rules of Criminal Procedure "are intended to provide for the just determination of criminal proceedings. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." The district court then found as follows:
[Boudette's] case filed with the court is not a criminal case and it does not appear that [Boudette] has a criminal case against him related to the property seized.
....
While [Boudette] may have standing and a cause of action under civil law, [Boudette] does not have standing to file this motion based on the Colorado Rules of Criminal Procedure and this case will be closed.
¶ 12 On appeal, Boudette challenges the district court's order dismissing his case, contending that he has standing to bring a claim for the return of his property under Crim. P. 41(e). We agree.
III. Standing
¶ 13 "Standing is a threshold issue that must be satisfied in order to decide a case on the merits." Ainscough v. Owens , 90 P.3d 851, 855 (Colo. 2004).
¶ 14 A person has standing to bring a claim if he or she satisfies a two-prong test. See id. "First, the [person] must have suffered an injury-in-fact, and second, this harm must have been to a legally protected interest." Id.
¶ 15 Standing is a question of law that we review de novo. Id. at 856.
A. "Injury-in-Fact"
¶ 16 An "injury-in-fact" may be "tangible, such as physical damage or economic harm; however, it may also be intangible, such as aesthetic issues or the deprivation of civil liberties." Id.
¶ 17 Boudette has satisfied the first prong of the standing test because he alleges that law enforcement officers unlawfully seized his personal property.
B. "Legally Protected Interest"
¶ 18 A "legally protected interest" involves the "question of whether the plaintiff has a claim for relief under the constitution, the common law, a statute, or a rule or regulation." Id.
¶ 19 Crim. P. 41(e) reads as follows:
A person aggrieved by an unlawful search and seizure may move the district court for the county where the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that:
(1) The property was illegally seized without warrant; or *1231 (2) The warrant is insufficient on its face; or
(3) The property seized is not that described in the warrant; or
(4) There was not probable cause for believing the existence of the grounds on which the warrant was issued; or
(5) The warrant was illegally executed.
The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the court where the trial is to be had. The motion shall be made and heard before trial unless opportunity therefore did not exist or the defendant was not aware of the grounds for the motion, but the court, in its discretion, may entertain the motion at the trial.
¶ 20 The interpretation of court procedural rules raises a question of law, which we review de novo. See Mercantile Adjustment Bureau, L.L.C. v. Flood , 2012 CO 38, ¶ 30, 278 P.3d 348. And, to "construe procedural rules, we employ the same interpretive rules applicable to statutory construction." Id. Thus, if a procedural rule is clear and unambiguous, we will interpret the rule to give effect to its plain language. See Vigil v. Franklin , 103 P.3d 322, 327 (Colo. 2004).
¶ 21 Crim. P. 41(e) is clear and unambiguous that a "person aggrieved by an unlawful search and seizure" may move the district court "for the return of the property." Thus, Boudette has satisfied the second prong of the standing test because Crim. P. 41(e) permits him to bring a claim for the return of his unlawfully seized property. See Ainscough , 90 P.3d at 856.
¶ 22 Although there has been no criminal complaint or information filed against Boudette and, thus, there is no criminal case pending against him, we conclude that Crim. P. 41 still governs Boudette's claim. We reach this conclusion for two reasons. First, Crim. P. 1 states that the Colorado Rules of Criminal Procedure-which include Crim. P. 41 -govern "all criminal proceedings," and Crim. P. 4.2 reflects that criminal proceedings include proceedings occurring before a criminal complaint or information has been filed. See Crim. P. 4.2 (discussing warrants for arrest before the filing of an information or criminal complaint); see also Crim. P. 41(a)-(e) (discussing procedures for obtaining a warrant).
¶ 23 Second, Crim. P. 41(e) does not require that a person be a criminal defendant to file a motion under this rule. Rather, the rule states that "[a] person aggrieved by an unlawful search and seizure" may move the district court for the return of property. Id.
¶ 24 Thus, because Boudette claims his property was unlawfully seized during a criminal investigation, we conclude that he has standing to bring a motion for the return of his property under Crim. P. 41(e).
IV. Conclusion
¶ 25 The order is reversed, and the case is remanded for the district court to "receive evidence on any issue of fact necessary to the decision of the motion." Crim. P. 41(e). One of the issues of fact that the court must resolve is whether Boudette's property was unlawfully seized during a criminal investigation.
¶ 26 If the court determines Boudette's property was unlawfully seized, the court may then enter an order to show cause why the Southwest Drug Task Force, or any state or county agency that sought or executed a search warrant, or that has custody of such unlawfully seized property, should not return the property to Boudette.
¶ 27 Because the Southwest Drug Task Force obtained the warrant to seize Boudette's property, they have subjected themselves to the personal jurisdiction of the district court to return the seized property should the court issue an order for the return of the property.
¶ 28 The District Attorney or any other appropriate prosecutorial authority may appear in this case and contest Boudette's motion.
JUDGE FOX and JUDGE ASHBY concur.